# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY D. THOMAS,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>V. YATES, et al.,<br><br>　　　　　　Defendants.<br>_____/ | CASE NO. 1:10-cv-01234-SKO PC<br><br>ORDER (1) GRANTING DEFENDANTS' REQUEST FOR JUDICIAL NOTICE, (2) AND GRANTING DEFENDANTS' MOTION TO REVOKE PLAINTIFF'S IFP STATUS AND DISMISS THE ACTION PURSUANT TO 28 U.S.C. § 1915(G)<br><br>(Docs. 20 and 22) |

**Order Granting Defendants' Motion to Revoke IFP Status and Dismiss**

**I.     Procedural History**

Plaintiff Larry D. Thomas, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 9, 2010. This action for damages is proceeding against Defendants Cervantes, Yates, Villa, Mangohig, and Gonzales for violation of the Eighth Amendment of the United States Constitution and for violation of California tort law.

On January 4, 2012, Defendants Cervantes, Yates, Villa, and Mangohig filed a motion seeking to revoke Plaintiff's in forma pauperis status, declare Plaintiff a three-strike litigant, and dismiss this action without prejudice.[1] 28 U.S.C. § 1915(g). Plaintiff filed an opposition on January 31, 2012, and Defendants filed a reply on February 6, 2012. The matter has been submitted upon the record and the following order now issues. Local Rule 230(l).

---

[1] Defendant Gonzales has not yet made an appearance in this action.

1

## II. Legal Standard

The Prison Litigation Reform Act of 1995 (PLRA) was enacted "to curb frivolous prisoner complaints and appeals." Silva v. Di Vittorio, 658 F.3d 1090, 1099-1100 (9th Cir. 2011); Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007). Pursuant to the PLRA, the in forma pauperis statute was amended to include section 1915(g), a non-merits related screening device which precludes prisoners with three or more "strikes" from proceeding in forma pauperis unless they are under imminent danger of serious physical injury. Andrews, 493 F.3d at 1050. The statute provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S. C. § 1915(g).

In seeking the revocation of Plaintiff's in forma pauperis status, Defendants bear the burden of establishing that Plaintiff has three or more strikes within the meaning of section 1915(g), which requires the submission of evidence sufficient to demonstrate at least three prior qualifying dismissals. Andrews v. King, 398 F.3d 1113, 1120 (9th Cir. 2005). If Defendants meet their initial burden, Plaintiff must then demonstrate the dismissals should not count as strikes. Andrews, 398 F.3d at 1120.

## III. Discussion

Defendants argue that Plaintiff has had at least three dismissals which count as strikes under section 1915(g) and they have submitted the relevant court records for three cases.[2] Andrews, 493 F.3d at 1120. Plaintiff argues that he has incurred no dismissals which count as strikes.[3]

///

///

---

[2] The Court may take judicial notice of court records in other cases, and Defendants' request for judicial notice of these records is granted. United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004).

[3] The issue is limited to whether the dismissals qualify as strikes; the imminent danger exception is not at issue.

**A.     Dismissal of One Action Pursuant to Rule 12(b)(6)**

The first case is Thomas v. Rowland, case number 3:88-cv-01087-B (S.D. Cal.), which was dismissed on October 24, 1989, pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. (Doc. 20, Def. Req. for Jud. Not., Ex. 1.)

Plaintiff does not dispute that the dismissal occurred, but he argues that the action was initiated more than twenty-two years ago under a discharged prison identification number and he was thereafter discharged from prison. Plaintiff also argues that in as much as the action was filed and dismissed prior to the enactment of PLRA in 1996, the dismissal does not count.

Plaintiff's arguments are unavailing. The passage of time, the discharge or deactivation of Plaintiff's prior prison identification number, and Plaintiff's discharge from prison after filing suit are irrelevant. Plaintiff's suit, brought when he was a prisoner, was dismissed for failure to state a claim, which falls squarely with the plain language of section 1915(g). In as much as the United States Court of Appeals for the Ninth Circuit has held that section 1915(g) applies retroactively to actions which were dismissed prior to the enactment of the PLRA in 1996, the dismissal of Thomas v. Rowland counts as a strike under section 1915(g). Rodriguez v. Cook, 169 F.3d 1176, 1181 (9th Cir. 1999); Tierney v. Kupers, 128 F.3d 1310, 1311-12 (9th Cir. 1997).

**B.     Dismissals of Two Appeals for Failure to Prosecute**

**1.     Introduction**

The next two cases involve orders issued by the Ninth Circuit. In Thomas v. Greenwood, appeal number 97-55091, and Thomas v. Johnson, appeal number 04-55643, the Ninth Circuit dismissed Plaintiff's appeals pursuant to Circuit Rule 42-1 for "failure to comply with the rules requiring processing the appeal to hearing." (Doc. 20, Exs. 2, 3.) In both underlying cases, the district courts found that Plaintiff's appeals were not taken in good faith and they revoked Plaintiff's in forma pauperis status on appeal. Plaintiff's appeals were subsequently dismissed when he failed to pay the filing fee. (Id.)

///

///

### 2. Procedural History

Turning first to Thomas v. Greenwood, the district court granted the defendants' motion for summary judgment on January 2, 1997, finding that Plaintiff failed to set forth any evidence in support of his Eighth Amendment failure-to-protect claim.[4] Plaintiff filed a timely notice of appeal of the judgment and on April 19, 1997, the Ninth Circuit issued an order stating, "The district court has certified that this appeal is not taken in good faith, and so has revoked the appellant's in forma pauperis status. Our review of the record indicates that appellant is not entitled to in forma pauperis status for this appeal." (Doc. 20, Ex. 3, p. 1.) Plaintiff was ordered to pay the filing fee within twenty-one days and warned that if he did not, the appeal would be dismissed for failure to prosecute pursuant to Ninth Circuit Rule 42-1. (Id.) On July 23, 1997, Plaintiff's appeal was dismissed pursuant to Circuit Rule 42-1. (Id., p. 2.)

In Thomas v. Johnson, the district court issued an order denying Plaintiff leave to proceed in forma pauperis on appeal on April 2, 2004.[5] In the order, the district court stated, "The claims made by Plaintiff here have no arguable basis in law or fact. It is beyond question that Plaintiff has failed to demonstrate that there is a genuine issue of material fact as to his claims of deliberate indifference to his serious medical needs with respect to any of the Defendants. Accordingly, the Court finds that the appeal is not taken in good faith." (Doc. 20, Ex. 2, pp. 1-2.) On May 11, 2004, the Ninth Circuit ordered Plaintiff to pay the filing fee within twenty-one days, and on June 21, 2004, the Ninth Circuit dismissed Plaintiff's appeal for failure to prosecute pursuant to Circuit Rule 42-1.[6] (Id., p. 3.)

### 3. Findings

The legal principles of statutory interpretation are well-established: beginning with the statutory text, courts presume that it says what it means and means what it says, and the plain

---

[4] The Court takes judicial notice of the record for case number 3:95-cv-01963-BLM (S.D. Cal.), Thomas v. Greenwood, et al.

[5] Case number 2:01-cv-8994-SVW (MLG) (C.D. Cal.).

[6] The Court takes judicial notice of Ninth Circuit's docket in Thomas v. Johnson.

meaning controls where that meaning is unambiguous. Khatib v. County of Orange, 639 F.3d 898, 901-02 (9th Cir. 2008) (quotation marks and citation omitted). As previously set forth, if an action or an appeal brought by a prisoner is "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," it falls within the three-strikes provision, 28 U.S.C. § 1915(g), and only those actions or appeals dismissed as frivolous, malicious, or for failure to state a claim qualify, Andrews, 398 F.3d at 1121.

Without question, not all unsuccessful cases qualify as strikes. Andrews, 398 F.3d at 1121 (quotation marks omitted). Dismissal for failure to prosecute does not fall within the plain language of section 1915(g), and where such dismissals are procedural in nature without consideration of the substantive merits of the appeal, they do not count as strikes. Hafed v. Fed. Bureau of Prisons, 635 F.3d 1172, 1179 (10th Cir. 2011); Butler v. Dep't of Justice, 492 F.3d 440, 443 (D.C. Cir. 2007). Plaintiff argues as much, contending in his opposition that because his appeals were dismissed for failure to prosecute, they do not fall within the language of the statute and they cannot be counted as strikes.

However, district courts must carefully evaluate the dismissal order and other relevant information to determine whether the dismissal constitutes a strike. Moore v. Maricopa County Sheriff's Office, 657 F.3d 890, 895 (9th Cir. 2011); Andrews, 398 F.3d at 1121. In making the determination whether a dismissal counts as a strike, it is the substance of the dismissal which is determinative, not the styling of the dismissal. O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008).

Relevant here, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). The test for allowing an appeal in forma pauperis is easily met; the good faith requirement is satisfied if the appellant seeks review of any issue that is not frivolous. Gardner v. Pogue, 558 F.3d 548, 550-51 (9th Cir. 1977) (citing Coppedge v. United States, 369 U.S. 438, 445, 82 S.Ct. 917 (1962)) (quotation marks omitted); Hooker v. American Airlines, 302 F.3d 1091, 1092 (9th Cir. 2002). If the appellate court finds that the district court erred in certifying the appeal was not taken in good faith, it may set aside the certification and grant leave to proceed in forma pauperis. O'Neal, 531 F.3d at 1150.

    Thus, in certifying that Plaintiff was not entitled to proceed in forma pauperis on appeal because his appeals were not taken in good faith, the district courts necessarily found that there were no non-frivolous issues. 28 U.S.C. § 1915(a)(3); Hooker, 302 F.3d at 1092; Gardner, 558 F.3d at 550-51. In neither case did the Ninth Circuit disagree and set aside the certification. O'Neal, 531 F.3d at 1150. To the contrary, in both cases the appellate court found Plaintiff was not entitled to proceed in forma pauperis on appeal and ordered Plaintiff to pay the filing fee in full.

    While the Ninth Circuit has not ruled on this precise issue, two Circuit Courts have weighed in and held that dismissal of an appeal for failure to prosecute vis a vis failure to pay the filing fee counts as a strike where the underlying order was based on a finding that the appeal was frivolous. Hafed, 635 F.3d at 1179; Thompson v. Drug Enforcement Admin., 492 F.3d 428, 433 (D.C. Cir. 2007); see also Thomas v. Felker, No. 2:09-cv-2486 GEB CDK P, 2012 WL 2116406, at *3 (E.D. Cal. Jun. 11, 2012) (findings and recommendations); Davis v. Kelso, No. 1:10-cv-01184-LJO-GBC (PC), 2011 WL 4005940, at *2-3 (E.D. Cal. Sept. 8, 2011), adopted in full, 2011 WL 4971677; Hollis v. Downing, No. 2:09-cv-3431 FCD KJN P, 2010 WL 5115196, at *3-4 (E.D. Cal. Dec. 9, 2010), adopted in full, 2011 WL 590756; compare Keeton v. Cox, CIV-S-06-1094 GEB KJM P, 2009 WL 650413, at *6 (E.D. Cal. Mar. 12, 2009) (finding that district court dismissals for failure to prosecute did not constitute strikes where the underlying dismissal orders gave leave to amend and did not suggest the actions were finally terminated as frivolous, malicious, or for failure to state a claim), adopted in full, 2009 WL 902094.

    In considering the underlying basis for the ruling, O'Neal, 531 F.3d at 1153, the dismissal for failure to prosecute following the failure to pay the filing fee cannot be divorced from the underlying finding that Plaintiff was not entitled to proceed in forma pauperis because his appeals were not taken in good faith; namely, they did not set forth any non-frivolous issues, Hafed, 635 F.3d at 1179; Thompson, 492 F.3d at 433. The determination that Plaintiff was not entitled to proceed in forma pauperis because his appeal was not taken in good faith was "the 'but for' cause of . . . the subsequent dismissal" and "it would be 'hypertechnical' to hold that the resulting dismissal for

nonpayment was not a strike."[7] Hafed, 635 F.3d at 1179 (quoting Thompson, 492 F.3d at 433). Therefore, the Court finds that the dismissals of Plaintiff's appeals count as strikes under section 1915(g).

### IV. Conclusion and Order

For the reasons set forth herein, the Court finds that Plaintiff has three strikes under section 1915(g), and it HEREBY ORDERS as follows:

1. Defendants' request for judicial notice of court records, filed on January 4, 2012, is GRANTED;

2. Defendants' motion to revoke Plaintiff's in forma pauperis status and dismiss the action, filed on January 4, 2012, is GRANTED; and

3. This action is dismissed, without prejudice.[8]

IT IS SO ORDERED.

Dated:   June 26, 2012                              /s/ Sheila K. Oberto
                                                    UNITED STATES MAGISTRATE JUDGE

---

[7] With respect to the appellate dismissal counted in Hafed, the Court takes judicial notice of the docket in Hafed v. Government of the State of Israel, 1:08-cv-00773-SEB-TAB (S.D. Ind.), which reflects that, as here, the district court first certified that the appeal was not taken in good faith and it denied the plaintiff leave to proceed in forma pauperis on appeal. The Seventh Circuit then denied Plaintiff leave to proceed in forma pauperis and ordered him to pay the filing fee. Hafed, 635 F.3d at 1178-79.

[8] Plaintiff was granted in forma pauperis status on July 20, 2010, and to date, no partial payments toward the $350.00 filing fee balance have been made.